ST. PAUL FIRE & MARINE INSURANCE CO., APPELLANT, *v.* OHIO FAST FREIGHT, INC. ET AL., APPELLEES.

(No. 82AP-50—Decided November 30, 1982.)

*Wiles, Doucher, Tressler & Van Buren Co., L.P.A.,* and *Mr. Austin P. Wildman,* for appellant St. Paul Fire & Marine Ins. Co.

*Mr. Robert G. Palmer,* for appellee and cross-appellant Ohio Fast Freight, Inc.

*Mr. Douglas R. Denny,* for appellee Atlantic Container Line.

McCormac, J. St. Paul Fire and Marine Insurance Company, plaintiff-appellant, commenced an action against defendant-appellee, Ohio Fast Freight, Inc., a common carrier, for damages to a precision scanner belonging to Industrial Nucleonics, an insured of St. Paul. St. Paul alleged that the precision scanner received damages while being transported pursuant to a bill of lading by defendant and that such damages in the amount of $8,701.99 were paid by St. Paul to Industrial Nucleonics whose claim was subrogated to St. Paul.

Ohio Fast Freight answered, admitting receipt of the property but denying the other essential allegations of the complaint. Ohio Fast Freight also filed a third-party complaint against Atlantic Container Line alleging that Atlantic provided St. Paul with a defective container which broke causing the damage, if any, to the precision scanner.

Atlantic moved to dismiss the third-party complaint on the basis that they were not subject to personal jurisdiction in Ohio and that the third-party complaint failed to state a claim upon which relief could be granted. Affidavits and affirmative materials were attached to the motions. The trial court sustained Atlantic's motion and dismissed the third-party complaint for lack of personal jurisdiction and for failure to state a claim for relief.

The claim of St. Paul against Ohio Fast Freight was referred to a referee who issued findings of fact and conclusions of law. The referee found that Industrial Nucleonics had delivered the precision scanner to Ohio Fast Freight and that it was damaged while being carried by Ohio Fast Freight. However, the referee found that St. Paul failed to prove the damages reasonably and necessarily caused by the actions of defendant and further found that the check of St. Paul to Industrial Nucleonics for payment of damages and the subrogation receipt given by Industrial Nucleonics to St. Paul were not properly in evidence. The referee recommended that judgment be issued for defendant.

The trial court overruled objections to the referee's report and entered judgment for defendant.

St. Paul has appealed, asserting the following assignments of error:

"1. Is an employee of a corporation, who has access to certain business records of said corporation, competent to testify therefrom pursuant to [Evid. R.] 602.

"2. May duplicated photostatic copies of original documents be admitted as admissible best evidence."

Ohio Fast Freight has filed a contingent cross-appeal asserting that the trial court erred in dismissing its third-party complaint against Atlantic. Ohio Fast Freight states that its cross-appeal will be moot if final judgment in favor of Ohio Fast Freight is affirmed.

The sole witness at the trial before the referee was William F. Birch, traffic manager for Industrial Nucleonics (now Accuray Corporation). He testified that a microscanner owned by Industrial Nucleonics and insured by St. Paul Fire and Marine Insurance Company was delivered to Ohio Fast Freight, Inc., on August 31, 1976, and returned to Industrial Nucleonics on September 2, 1976, in a damaged condition. He personally observed the damages to the microscanner. He testified that an agent of defendant told him that a trailer hauling the goods tipped over.

Birch stated that he was not personally involved in the repair of the microscanner, but that the engineering department determined the list of parts required and repairs necessary and programmed those matters into a computer as it repaired the damages to the microscanner. He stated that he had reviewed the company records and seen the engineering documentation and computer forms verifying damages to the microscanner in the amount of $8,701.99. An objection to his testimony was made on the basis of hearsay and that the company records were

not introduced into evidence. When the objection was made, plaintiff's counsel stated that, if necessary, he would immediately provide witnesses from Accuray to testify in detail as to the damages and repairs based upon their personal knowledge. The objection, however, was overruled by the referee who indicated that the weight of the evidence would be considered in determining whether plaintiff had met its burden of proof. In his report, the referee found that plaintiff failed to establish the amount of damages by a preponderance of the evidence.

Defendant presented no testimony.

Birch properly testified that the microscanner was damaged, a matter that he personally observed. However, he had no personal knowledge of the nature and the amount of the damages other than that gained from his review of company records. The records themselves were not produced nor did anyone who had personal knowledge of the basis of the records testify.

The trial court did not err in finding that plaintiff had failed to maintain its burden of proof of the extent and amount of damages sustained to the microscanner. Its only witness could properly testify as to the fact of damage. However, he had no personal knowledge of the extent or amount of damages. His only knowledge was hearsay based upon his review of hearsay business records of Industrial Nucleonics. Those business records could probably have been admitted as exhibits to prove the truth of the matter contained therein as an exception to the hearsay rule pursuant to Evid. R. 803(6). However, the records were not introduced into evidence. The only evidence was the hearsay testimony of someone who stated that he had reviewed the hearsay records. There is no hearsay exception, either in Evid. R. 803 or 804, that allows a witness to give hearsay testimony of the content of business records based only upon a review of the records. Appellant's contention that

Birch had personal knowledge of the breakdown of the cost analysis pertaining to the repair of the damaged scanner is not supported by the record.

While it is unfortunate that the records of Industrial Nucleonics were not introduced as business records or that witnesses who had actual knowledge of the extent of damages and the cost of repairs were not produced at trial, that deficiency cannot be corrected at this stage.

Appellant's first assignment of error is overruled.

Appellant secondly contends that plaintiff's exhibit 2, the photocopy of the check in the sum of $8,701.99 from St. Paul to Industrial Nucleonics, and plaintiff's exhibit 3, the photocopy of the subrogation receipt executed by Industrial Nucleonics to St. Paul, were erroneously rejected by the trial court as proper evidence.

The two issues to be considered are whether the exhibits were inadmissible because they were duplicates rather than originals and whether the exhibits were properly authenticated.

Evid. R. 1003 provides that a duplicate is admissible to the same extent as an original unless a genuine question is raised as to the authenticity of the original or in circumstances where it would be unfair to admit the duplicate in lieu of the original. Evid. R. 1004 defines "duplicate" to include a photocopy.

It would not be proper to deny admission of plaintiff's exhibits 2 and 3 into evidence for the reason that they were duplicates rather than originals. There was no genuine question raised as to the authenticity of the originals and there were no other circumstances demonstrated where it would be unfair to admit duplicates in lieu of originals.

Regardless of whether the originals or duplicates were offered into evidence, the documents must be authenticated or identified as a condition precedent to their admissibility. Generally, authentication or

identification is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid. R. 901(A). The common manner of identifying a document is through testimony of a witness with knowledge. Evid. R. 901(B)(1). In this case, either the person who mailed the check from St. Paul or a person from Industrial Nucleonics who received the check could have testified with knowledge that it was what it was claimed to be. Similarly, a witness with knowledge could have testified as to the authenticity of the subrogation receipt. However, the only person who testified admitted that he had no personal knowledge of the authenticity of the check or subrogation receipt. No other authentication was attempted. The documents did not qualify for self-authentication pursuant to Evid. R. 902. Consequently, the trial court did not err in refusing to admit plaintiff's exhibits 2 and 3 into evidence.

Appellant's second assignment of error is overruled.

Cross-appellant's assignments of error are overruled as moot.

Appellant's assignments of error are overruled and cross-appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.