SANDERS ET AL., APPELLANTS, *v.* HAIRSTON, APPELLEE.

(No. 54255—Decided September 6, 1988.)

*Robert J. Sawyer,* for appellants James Sanders et al.

*Fillo, Ristau & Drain* and *Nicholas J. Fillo,* for appellee Robert E. Hairston.

MARKUS, J. The plaintiff-driver and his wife appeal from a judgment on a jury verdict which rejected their injury and consortium claims for an intersection collision. They complain that the court allowed a policeman to recite part of the police report, and that the verdict disregarded the weight of the evidence. These contentions lack merit, so we affirm the trial court's judgment.

I

The plaintiffs' car had been proceeding south, and the defendant's car had been traveling east at approximately 1:00 a.m. Each driver was alone in his car. The roads were snow covered and slippery. The plaintiffs claimed that the defendant was intoxicated, crashed a red light, and struck the plaintiffs' car after the plaintiff-driver entered the intersection on a green light. The defendant denied that he was intoxicated; he contended that he approached and entered the intersection with a green light.

The plaintiffs relied on testimony from the plaintiff-driver, his co-worker who reportedly drove behind him, and a pedestrian who chanced to see the collision. The plaintiff-driver initially testified that he first saw the traffic light when he was seventy-five yards from the intersection. He said that it was then green, so he continued toward and into the intersection at fifteen to twenty m.p.h. He stated that the light remained green for him until the collision.

On cross-examination, the plaintiff-driver amended his testimony to conform with an earlier deposition. He then said that he first saw a red light, which turned green when he was thirty-five to forty feet from the intersection. He repeated that he continued toward and into the intersection without stopping. Although he saw the defendant approaching, out of the corner of his eye, slippery conditions prevented him from avoiding the collision.

The plaintiff-driver's co-worker said that he had been following the plaintiff-driver to the plaintiff's home. He testified that he was twenty-five feet behind the plaintiffs' car as it approached and entered the intersection on a green light without stopping. He saw no other witness at the scene. He asserted that after the collision he found the defendant slumped over the wheel, with a strong odor of alcohol and slurred speech. He described the defendant as "obviously, clearly, unmistakably drunk."

According to the pedestrian witness, the plaintiff-driver had been stopped for a red traffic light at that intersection for about one minute. When the light changed to green for the plaintiff-driver, he proceeded into the intersection. This witness said that the defendant then entered the intersection on a red light and struck the plaintiffs' car. He also said that the defendant appeared drunk after the collision.

The defendant testified that he approached and entered the intersection with a green light for his direction of travel. When he saw the plaintiff-driver approach his path, he tried to turn but could not avoid the collision. He denied that he was drunk. Indeed, he stated that he does not drink and had not consumed any alcoholic beverage for fifteen years. He further stated that the police came to the collision scene, discussed the accident with him, and then allowed him to drive away.

The defense also relied on testimony from an investigating policeman, whom the plaintiffs called as a witness. This officer identified the police report which he and his partner prepared to recount their observations. The report listed no witnesses beyond the two colliding motorists. It noted observations that the defendant had minor visible injury, and that the plaintiff-driver had no visible injury. It stated that the reporting officer detected no alcohol for either driver.

## II

The plaintiffs first dispute the ruling that the policeman could recite the police report notation that neither driver showed any sign of intoxication. They do not contest the authenticity of the report document, which the officer identified during his direct examination by plaintiffs' counsel. Nor do they challenge the officer's testimony that the report identified no witnesses, or that the plaintiff displayed no visible injury.

In substance, the plaintiffs contend that the officer recited inadmissible hearsay about sobriety, because his partner made and recorded the disputed observation. Since defendant offered that evidence to prove that he was not intoxicated, the policeman did recount the partner's hearsay statement about the partner's observation. Evid. R. 801(C). However, the policeman's partner recorded that statement in a police report, which constitutes a public record for evidentiary purposes. *Thompson* v. *Ron's Waste Service & Co.* (Oct. 7, 1985), Stark App. No. CA 6631, unreported.

Evid. R. 803(8) provides that public reports are admissible hearsay in some circumstances:

"The following are not excluded by

the hearsay rule, even though the declarant is available as a witness:

"* * *

"(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office of agency, or (b) *matters observed pursuant to duty imposed by law as to which matters there was a duty to report,* * * * unless the sources of information or other circumstances indicate [a] lack of trustworthiness." (Emphasis added.)

The policeman testified that he and his partner came to the accident scene in the course of their duties. He said that his partner noted the two drivers' sobriety on a place provided for that notation on the regular police report form. Thus, his partner complied with his duty by making and recording that observation. Although his partner's notation contradicted other testimony, there was nothing in the record to establish that it lacked trustworthiness.

Consequently, the court would not have abused its discretion by admitting that part of the police report as an exhibit. Ordinarily, the court should not permit witnesses to recite from or paraphrase a business or public record that has not been received as an exhibit. Cf. *St. Paul Fire & Marine Ins. Co.* v. *Ohio Fast Freight, Inc.* (1982), 8 Ohio App. 3d 155, 157, 8 OBR 213, 215-216, 456 N.E. 2d 551, 553. However, the plaintiffs could not raise that objection here when they made no objection on that ground in the trial court. Evid. R. 103(A)(1). Additionally, the plaintiffs opened the door to this evidence by asking the officer during direct examination about the plaintiff-driver's sobriety.

Moreover, this report may well have contained inadmissible hearsay, in which the partner recounted statements from others which did not represent his own observations. Cf. *Randle* v. *Gordon* (Oct. 29, 1987), Cuyahoga App. No. 52961, unreported; *Lewis* v. *Carpenter* (Dec. 29, 1983), Cuyahoga App. No. 46178, unreported. In that event, those other parts of the record would be inadmissible, as inadmissible hearsay within an otherwise admissible public record. See Evid. R. 805. In that situation, the court may well permit a witness to recite a limited part of an admissible record, rather than attempting to excise more voluminous inadmissible portions.

The court did not abuse its discretion by the challenged ruling, so we overrule the plaintiffs' first assignment of error.

III

The plaintiffs' remaining assignment contests the weight and sufficiency of the evidence. An appellate court should affirm a trial court's judgment, if substantial, competent, credible evidence supports it. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80, 10 OBR 408, 411-412, 461 N.E. 2d 1273, 1276; *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, syllabus. The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *C.E. Morris Co.* v. *Foley Constr. Co., supra,* at 280-281, 8 O.O. 3d at 262, 376 N.E. 2d at 579.

The defendant's testimony adequately supports the jury's verdict. The jurors heard the testimony of the plaintiffs' witnesses, and apparently disbelieved them. They could reasonably conclude that the plaintiff-driver and his co-worker were partial to the plaintiffs' interests. Significant inconsistencies between the plaintiffs' witnesses and within their respective accounts may also explain the jury's disbelief. In any event, we cannot substitute our judgment for theirs.

Accordingly, we overrule the second assignment of error and affirm the trial court's judgment.

*Judgment affirmed.*

STILLMAN and DODD, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, and DONALD J. DODD, J., of the Champaign County Court of Common Pleas, sitting by assignment.