The STATE of Ohio, Appellee,

v.

YORK, Appellant.

[Cite as *State v. York* (1996), 115 Ohio App.3d 245.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 95CA767.

Decided Oct. 8, 1996.

*Timothy E. Forshey,* Jackson County Assistant Prosecuting Attorney, for appellee.

*Mark T. Musick,* for appellant.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Municipal Court of Jackson County, Ohio, upon a bench trial, finding Duke Lincoln York, defendant below and appellant herein, guilty of failing to drive within his marked lane of traffic in violation of R.C. 4511.33. The following error is assigned for our review:

"The trial court erred by excluding the statement of Sylvia Clarkson (proffered Defendant's Exhibit No. '1')."

On April 12, 1995, Sylvia Clarkson was driving east on U.S. Route 35 in Liberty Township of Jackson County, Ohio. Appellant was driving a semi truck and traveling in the same direction. It is uncontroverted that appellant was attempting to pass Clarkson's car in the left lane when the two vehicles collided with one another. Trooper Swank, of the Ohio State Highway Patrol, was dispatched to investigate the accident and ultimately issued a uniform traffic citation charging appellant with failure to drive in his marked lane of travel in violation of R.C. 4511.33.

Appellant entered a plea of not guilty and the matter proceeded to a bench trial on July 19, 1995. Clarkson, the driver of the other vehicle, did not appear or

present testimony for the state. However, Gwendolyn Snyder and Brooke Snyder (both of whom were passengers in that car) testified that the truck driven by appellant swerved out of its own lane of travel and struck their car, thereby causing the accident. Trooper Swank also testified and stated that, from his investigation of the accident scene and the skid marks which had been left there, it was his belief that the truck driven by appellant had attempted to change lanes and struck the car driven by Clarkson, causing it to spin out of control.

Appellant testified in his own defense and stated that he had not yet begun to change lanes when the accident occurred. Instead, he asserted, the vehicle driven by Clarkson had crossed in front of him. This version of events was corroborated by C. Ray Lewis, an expert witness called by the defense, who opined that it was indeed the Clarkson vehicle which had crossed lanes and struck the truck. During Lewis's testimony, defense counsel attempted to elicit from the witness an opinion as to whether another vehicle in front of the Clarkson car might have caused Clarkson to slam on her brakes, thereby leaving the skid marks to which Trooper Swank had referred in his testimony. The state objected to this line of questioning, and the court below ruled that no foundation had been laid for it. Trooper Swank was then recalled by the defense in an attempt to lay that foundation. Counsel began questioning the officer with respect to an accident report he had compiled and whether Clarkson had told him that there was another car in front of her just before the accident. The state objected, again, and argued that Clarkson's comments in the accident report were inadmissible hearsay, given that she had not testified at trial and that the state would not have an opportunity to cross-examine her about those prior statements. The defense countered by arguing that the accident report was a public record and therefore the statements of Clarkson were admissible as an exception to the hearsay rule. In the end, the state's objection was sustained, and counsel was prohibited from introducing into evidence the statements given by Clarkson and recorded in Trooper Swank's accident report.

Appellant was ultimately found guilty of violating R.C. 4511.33. Appellant was assessed a fine of $50 together with $53 in court costs. This appeal followed.

■ Appellant contends in his sole assignment of error that the aforementioned statements by Clarkson in Trooper Swank's accident report were not inadmissible and that the trial court erred in excluding them from evidence. We disagree. "Hearsay" is defined as a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). The statements sought to be introduced by the defense below were made by Clarkson other than at trial (i.e., at the scene of the accident) and were offered by appellant below to prove the truth of the matter asserted therein (i.e., that there was another car in front of her just

before the accident). These statements clearly fall within the definition of "hearsay" and should have been excluded from evidence below pursuant to Evid.R. 802 unless there is a pertinent exception which would allow for their admittance.

It is argued by appellant that the statements were admissible pursuant to Evid.R. 803(8)(b) because they were part of a public record (*i.e.*, the accident report) which Trooper Swank was required by law to make. We are not persuaded. The provisions of Evid.R. 803(8)(b) except from the general prohibition against hearsay any reports setting forth "matters observed pursuant to duty imposed by law as to which matters there was a duty to report." A police report generally constitutes a public record for purposes of Evid.R. 803(8). *Petti v. Perna* (1993), 86 Ohio App.3d 508, 513, 621 N.E.2d 580, 583. However, the statements made therein must be either the firsthand observations of the official making the report or those of one with a duty to report to a public official. *Id.;* see, also, *Cincinnati Ins. Co. v. Volkswagen of Am., Inc.* (1987), 41 Ohio App.3d 239, 242, 535 N.E.2d 702, 705–706. All persons furnishing and recording information must be under an official duty to do so. 2 Giannelli & Snyder, Evidence (1996) 148, Section 803.38. If the supplier of information is not under a duty to do so, an essential link in Evid.R. 803(8)(b) is broken. *Id.*

There is certainly no question in the cause *sub judice* that Trooper Swank was under an official duty to investigate and make a report on the accident between the parties herein. See R.C. 5503.02(A) (State Highway Patrol troopers shall investigate and report all motor vehicle accidents on all roads and highways outside of municipal corporations). However, Trooper Swank did not witness the accident between appellant and Clarkson, and, thus, his report does not contain his firsthand observations. The observations contained therein are, instead, those of Clarkson, and (as discussed above) they are admissible only if she was under an official duty to report them to Trooper Swank. Appellant cites nothing in the law which imposes such an official duty on a party involved in an accident, and we have found none in our own research. R.C. 5503.02(A), which requires State Highway Patrol troopers to investigate and report on traffic accidents, places no duty on an accident victim to make such a report. Persons involved in accidents are under a duty to report the accident to the registrar of motor vehicles, R.C. 4509.06, and they are required to stop and give their name, address and vehicle registration number to the other party involved. R.C. 4549.02. However, neither of these statutes places an express official duty on an individual to report his or her preaccident observations to an investigating officer. The absence of any such official duty breaks the link in Evid.R. 803(8)(b) which would make Clarkson's statements admissible into evidence. Those statements could

not be admitted as part of Trooper Swank's report, and the trial court properly excluded them below.

Appellant's brief cites *Sanders v. Hairston* (1988), 51 Ohio App.3d 63, 554 N.E.2d 951, for the proposition that police reports are public records under Evid.R. 803(8) and that the observations contained therein should be admitted into evidence. However, the report at issue in that case involved an officer's *own observations* at an accident scene. *Id.* at 64, 554 N.E.2d at 953. We do not dispute the holding in the *Sanders* case. We simply find it inapposite to the cause *sub judice.* Had the observations in the accident report herein been those of the investigating officer (Trooper Swank), as they were in *Sanders,* we too would hold that the observations should be admitted into evidence. They were, instead, the observations of Clarkson, and for those reasons stated previously they were properly excluded from evidence.

■ Appellant also argues that the statements of Clarkson could have been admitted under the exception for an excited utterance pursuant to Evid.R. 803(2). However, it does not appear from the record that appellant ever raised or argued this particular exception to the hearsay rule during the proceedings below. He therefore waived that issue, and we will not consider it for the first time here on appeal.

■ There is one final note which should be made with respect to these statements by Clarkson. Even assuming *arguendo* that these statements would have been admissible under an exception to the hearsay rule, we would still find no reversible error in the trial court's decision to exclude them. The purpose for appellant introducing these statements below was to provide evidence that there was another car in front of Clarkson so that the defense's expert witness could render an opinion on what else might have caused Clarkson to suddenly brake her car and leave skid marks on the road. The fact of the matter is that Snyder (a passenger in the car) had already testified that there was another car driving in front of them. The statements by Clarkson to Trooper Swank on this issue were merely additional and repetitive evidence on that point. Indeed, defense counsel conceded below that such evidence had already been admitted and proceeded to question the expert on the basis of the testimony by Snyder rather than the out-of-court statements by Clarkson. Given that such evidence regarding the existence of another car on the highway had already been introduced and was available for purposes of an expert opinion, any error by the trial court in excluding the additional evidence by Clarkson on this point would have been harmless. Crim.R. 52(A).

Appellant's assignment of error is therefore without merit and is overruled. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

HARSHA and KLINE, JJ., concur.