OPINION
Appellant, James Rizer, Jr., appeals a directed verdict ordered by the Lake County Court of Common Pleas, after a jury trial of his declaratory judgment action against appellee, Grange Mutual Casualty Company. Appellant is the representative for his father, Dwight Rizer, who died shortly before trial.
On November 17, 1994, Dwight Rizer was struck by a car driven by Herbert Jack Rollins, Jr. The accident occurred in a McDonald's parking lot in Nelsonville, Ohio, located in southern Ohio. Appellant alleges that Mr. Rollins was not insured at the time of the accident.
James Rizer obtained auto insurance, including uninsured motorist coverage, from appellee. Four months after the accident, Dwight Rizer filed a claim with appellee alleging that Mr. Rollins was an uninsured motorist and that, as a member of James Rizer's family and household in Willoughby, Ohio, he was insured under the uninsured motorist policy. On January 16, 1996, after investigating Dwight's claim, appellee denied it, setting forth that Dwight lived in Nelsonville, not in James Rizer's household, and was not an insured person under the policy.
On July 24, 1996, the Rizers filed a complaint against appellee alleging that it wrongfully denied their claim and acted in bad faith by doing so. Nothing in the record indicates that the Rizers filed a claim against Mr. Rollins or attempted to determine whether he was insured.
A trial was held on the Rizers' complaint, beginning on April 21, 1998. The main issue in dispute was Dwight Rizer's place of residence. However, appellee also disputed whether or not Mr. Rollins was an uninsured motorist.
Appellant produced the following evidence to show that Mr. Rollins was uninsured: a report completed by the police officer investigating the accident wherein the section reporting Mr. Rollins's insurance carrier indicated "none"; the testimony of John Shawkey, an investigator for the insurance company, who said he was not sure whether or not Mr. Rollins was insured; and, the testimony of Dwight Rizer, introduced through his deposition, that he had overheard Mr. Rollins tell the investigating police officer that he did not have insurance. Appellant did not call either Mr. Rollins or the police officer who investigated the accident as witnesses.
Appellant attempted to introduce evidence of the accident report through a question to Mr. Shawkey. Appellee's counsel objected and the court and counsel conferred outside the presence of the court reporter. The parties stipulated to the admission of the police report, but references to Mr. Rollins's insurance status were redacted by the court as inadmissible hearsay. The court made the following statements, during arguments for the admission of exhibits, regarding admission of the report:
 "[N]ormally this court will not permit police reports to be admitted, however, it will be due to the stipulation of counsel. It redacts the portion of the police report showing Rollins had no insurance and will show the address as was previously stated."
Mr. Shawkey's testimony on the status of Mr. Rollins's insurance was as follows:
 Q: "So that I understand, Mr. Shawkey, there was — as far as you know, the driver of the other vehicle had no insurance; is that correct?
A: "I don't know.
 Q: "Let me ask this question another way for you, sir. Can you say that, to your knowledge, the driver of the other vehicle did not have any insurance, is that correct, or don't you know"
A: "I don't know.
 Q: "What did Grange Mutual Insurance do to establish that there was insurance?
A: "I don't know."
Dwight Rizer's testimony, elicited by appellee's trial counsel at deposition, is as follows:
 Q. "Did you file any lawsuit against the driver of the vehicle you say hit you on November 17, 1994? Did you file a lawsuit against him?
A. "Yes, and he didn't have insurance.
 Q. "Where did you file a lawsuit against him? Where was that filed?
A. "You would have to ask my attorney.
Q. "That would be Mr. Talikka?
A. "Yes.
Q. "You say the driver did not have any insurance.
A. "Yes.
 Q. "What information do you have to indicate that he was uninsured?
A. "I heard the police ask him.
Q. "You heard the police ask him.
A. "Yes, ma'am.
Q. "You heard his response?
A. "Yeah.
Q. "He responded what?
A. "No.
 Q. "Any other information or evidence that you're aware of that indicates that the driver was uninsured when the accident occurred?
A. "No."
This testimony was read into the record and to the jury as it appeared at the deposition, without objections to the hearsay portions. However, during arguments on appellee's motion for a directed verdict, after the close of appellant's case, the following discussion was had:
 Mr. Talikka: "Your honor it's been shown that the other driver in this accident did not have liability.
The Court: "Where?
Mr. Talikka: "During the deposition today.
 The Court: "Deposition, again, that was a hearsay statement. Who said he had no insurance?
 Mr. Talikka: "The defendant — the driver, the one who hit my client admitted at the scene, my client overheard him. That's what he was testifying to on deposition today saying that he had no insurance.
 The Court: "I read the deposition. Do you want to respond?
 Ms. Michelson: "That's hearsay, that's absolute hearsay.
The Court: "I agree that's hearsay."
The court on its own motion excluded Dwight Rizer's deposition testimony which was not objected to contemporaneously.
On April 23, 1998, after appellant presented his case, appellee orally moved the court for a directed verdict, which was granted. The court granted the directed verdict because it determined that appellant had produced no legitimate evidence tending to show that Mr. Rollins was an uninsured motorist.
Appellant appeals and raises the following assignments of error:
 "[1.] The trial court erred to the prejudice of the plaintiffs in precluding certain portions of an official report which fell within an exception to hearsay and were otherwise admissible as an official report.
 "[2.] The trial court improperly granted a directed verdict where reasonable minds could reach different conclusions."
In his first assignment of error, appellant disputes the admissibility and sufficiency of certain pieces of evidence that tended to show that Mr. Rollins was uninsured. In his second assignment of error, he asserts that the trial court erred by granting a directed verdict. Because our ruling on the second assignment depends on our ruling on the first assignment, we will address them together. Appellant's assertion that the trial court erred in granting a directed verdict centers upon the sufficiency of John Shawkey's testimony, the admissibility of Dwight Rizer's deposition testimony, and the admissibility of the portion of the police report that listed Mr. Rollins's insurance carrier as "none."
In deciding whether to grant a motion for a directed verdict, a trial court must construe all of the evidence most strongly in favor of the party against whom the motion was made, and, where there is substantial evidence to support its side of the case, upon which reasonable minds may reach a different conclusion, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions. Posin v. A.B.C. MotorCourt Hotel (1976), 45 Ohio St.2d 271, 275, 344 N.E.2d 334. A condition precedent to uninsured motorist coverage is a determination that the tortfeasor is uninsured. Kraly v.Vannewkirk (1994), 69 Ohio St.3d 627, 633, 635 N.E.2d 323, 328.
Despite repeated questioning by appellant's counsel, Mr. Shawkey merely responded that he did not know whether or not Mr. Rollins had insurance at the time of the accident. His testimony was insufficient to prove that Mr. Rollins was uninsured.
By attempting to introduce the police report and Dwight Rizer's deposition testimony, appellant sought to introduce evidence that Mr. Rollins admitted to the police officer that he had no insurance. In both instances, the court excluded Mr. Rollins's statement as hearsay. The court did not exclude this evidence as the result of a contemporaneous objection by appellee, but did so sua sponte after appellant's case in chief.
Evid.R. 801(C) defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Mr. Rollins's purported admission that he was uninsured clearly fits within the definition of hearsay. The statement is not admissible under either Evid.R. 801(C), because Mr. Rollins was not a party-opponent, or Evid.R. 804(B)(3), because there was no showing that Mr. Rollins was unavailable to testify at the trial.
Evid.R. 803(8) provides that official reports made by officers of this state, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence of the matters stated therein. The rule allows the admission of official records, although these records may constitute hearsay, in so far as they consist of facts recorded by public officials who are not present as witnesses. In order for statements contained in an official report to be admissible, the person furnishing and recording the information must be under an official duty to do so. State v. York (1996), 115 Ohio App.3d 245,685 N.E.2d 261. Although R.C. 4509.06 requires a driver involved in an accident to report their insurance status to the registrar of motor vehicles, no official duty exists for the driver to report that information to a police officer at the scene. The record must be an agency's record, not a statement from someone outside the agency. Zalud Oldsmobile Pontiac, Inc.v. Tracy (1996), 77 Ohio St.3d 74, 80, 671 N.E.2d 32, 38. Statements by persons outside the agency must be evaluated under other rules to determine their admissibility. Id. Thus, the trial court was correct in ruling that the hearsay declarations contained in the police report were not rendered admissible by Evid.R. 803(8).
Dwight Rizer's testimony was elicited by appellee's counsel and not objected to at the deposition or when introduced at trial. Appellee stipulated to the admission of the police report; however, the trial court excluded the portions of the testimony and report that referred to Mr. Rollins's purported admission. Appellant argues that this was error.
Ohio's Tenth Appellate District held that in the absence of an objection, a trial court may strike evidence on its own motion.Oakbrook Realty Corp. v. Blout (1988), 48 Ohio App.3d 69, 70,548 N.E.2d 305, 307. This view has been accepted by the First District, see Neal v. Hamilton County (1993), 87 Ohio App.3d 670,622 N.E.2d 1130; the Eighth District, see Root v. PCC Airfoils,Inc. (Oct. 1, 1988), Cuyahoga App. Nos. 73149, 73150, 73151, 73402, 73403, 73404, unreported; and, the Twelfth District, see Inre Good (1997), 118 Ohio App.3d 371, 692 N.E.2d 1072. In the present case, the trial court did not err by sua sponte excluding evidence of Mr. Rollins's admission that he had no insurance.
Since no admissible evidence existed to prove that Mr. Rollins was an uninsured motorist, the trial court did not err by granting appellee's motion for a directed verdict. Appellant's first and second assignments of error are without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J. concur.