JOURNAL ENTRY AND OPINION
Jerry Jankowski appeals a judgment of the Court of Common Pleas rendered pursuant to a bench trial concerning a contractual dispute with United Paving Corporation in connection with paving a parking lot at the Days Inn located at 4501 East Royalton Road in Broadview Heights, Ohio. On appeal, Mr. Jankowski complains that without an authenticated contract, UPC's breach of contract claim must fail. Thus, he argues that the court's decision is against the manifest weight of the evidence, and it erred when it denied his motion for a directed verdict. After a review of the law, we affirm the decision of the trial court.
The record before us disputes whether United, through its agent, James Shaw, entered into a contract with Mr. Jankowski on November 12, 1998 to perform asphalt resurfacing work at the Days Inn. United completed the work and demanded payment in the amount of $29,140. On May 26, 1999, United filed a complaint against him for nonpayment of the contract. Mr. Jankowski filed an answer alleging he signed the contract in his capacity as President of Hospitality Investment Corporation. Thereafter, Mr. Jankowski filed a motion for summary judgment, which the court denied. On April 13, 2000, the case proceeded to a bench trial and United called James Shaw, United's salesman, who prepared two estimates, the first for patching and resurfacing work and the second for seal coating and striping. Further, Mr. Shaw knew United performed the work because he visited the work site on two occasions due to a problem with a catch basin.
Next, United called Barbara Zabor, the office manager, who typed Mr. Shaw's estimate and faxed it to Mr. Jankowski. Ms. Zabor had nine years of experience and knew how to differentiate between individual and corporate clients. In this case, she only received documents containing Mr. Jankowski's signature, nothing containing the designation President — H.I.C. When she received a bankruptcy notice concerning Hospitality, she did not recognize the company and had to look through the records and match the notice with the amount of the contract signed by Mr. Jankowski. During Ms. Zabor's testimony it came to the court's attention counsel for Mr. Jankowski had the original contract but refused to produce it.
Finally, Mr. Hamro testified his company entered into a contract with Mr. Jankowski, performed the work and never received payment. United then attempted to call Mr. Jankowski, but he refused to participate in the proceedings. United offered a certified document from the Ohio Secretary of State indicating that Hospitality Investment Corporation is a Michigan company and Hospitality Investments, Inc. is an Ohio corporation.
At the close of United's case, counsel for Mr. Jankowski moved for directed verdict, which the court denied. Mr. Jankowski did not offer any testimony or appear at the trial. After closing arguments, the court entered judgment in favor of United in the amount of $29,140 with interest from November 1999. Mr. Jankowski appeals from this decision and raises two assignments of error, which state:
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF JUDGMENT CONTRARY TO LAW AND AGAINST MANIFEST WEIGHT OF EVIDENCE.
 II. TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION FOR DIRECTED VERDICT.
Mr. Jankowski contends the verdict in favor of United is against the manifest weight of the evidence because it cannot prove the existence of a contract. United, however, maintains the verdict is a proper one because the court assessed the credibility of the witnesses presented at trial. Thus, we are concerned with whether the court's verdict is against the manifest weight of the evidence based on the testimony presented at trial.
We begin by noting in Doner v. Snapp (1994), 98 Ohio App.3d 597,600, the court stated:
 Generally, a plaintiff must present evidence on several elements to successfully prosecute a breach of contract claim. Those elements include the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. (Citations omitted.)
In St. Paul Fire Marine Ins. Co. v. Ohio Fast Freight, Inc. et al. (1982), 8 Ohio App.3d 155, the court stated:
 Regardless of whether the originals or duplicates were offered into evidence, the documents must be authenticated or identified as a condition precedent to their admissibility. Generally, authentication or identification is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid.R. 901(A). The common manner of identifying a document is through testimony of a witness with knowledge. Evid.R. 901(B)(1).
In Camardo v. Brechbuhler Scales Inc., et al. (Feb. 13, 1997), Cuyahoga App. No. 70699, unreported, this court stated:
 With regard to challenges to the manifest weight of the evidence, a court of appeals must be guided by the presumption that the findings of the trier of fact were indeed correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80, ***. The court explained:
 The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.
In C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, the court stated in its syllabus:
 Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
In this case, the court heard testimony from Ms. Zabor that she faxed the estimate to Mr. Jankowski, and he returned it to her viafax with his signature. Ms. Zabor is accustomed to looking for a corporate designation, and Mr. Jankowski never indicated any corporate capacity on the documents he signed. Also, she testified that the contract was what it purported to be even though it was a copy. Further, Mr. Shaw testified United performed the work mandated by the contract because he visited the work site on two occasions. Finally, Mr. Hamro testified United performed the work and it never received payment, suffering damages in the amount of $29,140 as evidenced by the contract. Based on the testimony presented at trial, some competent credible evidence exists to support the court's decision and, therefore, in accord with C.E. Morris, we will not disturb the jury verdict on appeal. Accordingly, this assignment of error is not well taken.
Our disposition of the first assignment of error renders the second moot. App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ JAMES J. SWEENEY, JUDGE:
TIMOTHY E. McMONAGLE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.