OPINION.
{¶ 1} Plaintiffs-appellants Sherry and Douglas Pottorf bring this appeal from the judgment of the Court of Common Pleas of Shelby County in favor of defendant-appellee Barbara Jean Bray ("Bray").
 {¶ 2} On April 6, 2000, Sherry Pottorf was traveling north on Main Street in Sidney, Ohio. Bray was traveling east on Court Street. Their vehicles collided in the intersection of the two streets. Both parties claimed to have entered the intersection pursuant to a green light and that the other had entered against a red light. On February 26, 2002, the Pottorfs filed a complaint against Bray claiming that Bray was responsible for the accident and seeking damages. A jury trial was held on February 12 and 13, 2003. On February 13, 2003, the jury returned a verdict in favor of Bray. It is from this judgment that the Pottorfs appeal and raise the following assignments of error.
The trial court abused its discretion by refusing the testimony of [DougPottorf].
 The trial court abused its discretion by not admitting videotapesoffered by [the Pottorfs] as Plaintiffs' exhibits 2 and 3.
 The trial court erred by permitting officer Jamison to express anexpert opinion concerning the speed of [the Pottorfs'] vehicle at thetime of the collision.
 The trial court erred by permitting [Bray's] expert, Robert C. Lotz, toexpress opinions relating to the speed of the Pottorf vehicle, theperception/reaction time of Pottorf and the location of the parties'vehicles.
 The trial court erred in admitting as evidence Defendant's exhibits Aand E.
 {¶ 3} All of the assignments of error relate to the admission of evidence. The admission of evidence is left to the discretion of the trial court. Rigby v. Lake County (1991), 58 Ohio St.3d 269,569 N.E.2d 1056. The judgment of the trial court will not be reversed absent an abuse of discretion. Id. An abuse of discretion exists when the judgment is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 4} In the first and second assignments of error, the Pottorfs claim that the trial court erred by excluding the testimony of Douglas Pottorf and the videotapes he made showing the timing of the lights. The proffer of the testimony indicates that Pottorf wished to testify as to his personal knowledge of the timing of the lights on Main Street and to show his videotapes of those lights. Bray filed a motion in limine to prevent the admission of this testimony. At some point in time, the trial court indicated to the parties that he was granting the motion in limine.[1] The Pottorfs then proffered the testimony of Douglas Pottorf. The trial court ruled that the videotapes of the light sequence were too far removed in time and conditions to accurately depict the environment at the time of the accident. The trial court also ruled that Douglas Pottorf could not testify as to the timing of the lights because he was not listed as an expert and was being called to testify as to the timing of the lights as an expert. The trial court noted that Douglas Pottorf was not present during the accident, thus did not have any factual testimony to offer as to the timing of the lights on the day of the accident. Based upon these findings, the trial court excluded the testimony as being irrelevant. This court does not find the trial court's attitude to be unconscionable, unreasonable, or arbitrary. Thus, the first and second assignments of error are overruled.
 {¶ 5} The third assignment of error alleges that the trial court erred in admitting the testimony of Officer Robert Jameson ("Jameson"). At trial Jameson testified, as an expert, that pursuant to his calculations, Sherry Pottorf was traveling at least 22 miles per hour when she attempted to stop her vehicle. Counsel for the Pottorfs' cross-examined Jameson concerning how he arrived at this number, the factors he considered, the factors he did not consider, and the fact that he personally did not take the skid mark measurements that he used in his calculations. In addition, counsel brought out the fact that the minimum speed was only a possibility based upon the calculation, not the opinion of Jameson. However, the Pottorfs never objected to the qualifications of Jameson as an expert or his testimony. The Pottorfs also never requested that Jameson's testimony be stricken. Without such a request, the trial court does not err by permitting the testimony to be admitted. The third assignment of error is overruled.
 {¶ 6} In the fourth assignment of error, the Pottorfs claim that the trial court erred by admitting the testimony of Robert C. Lotz ("Lotz") as an expert for Bray. The testimony of an expert is admissible if the witness testifies that his or her opinions are based upon scientific principles to a reasonable degree of scientific certainty. Coev. Young (2001), 145 Ohio App.3d 499, 763 N.E.2d 652. Lotz testified that he is an accident reconstructionist. Based upon his calculations from the information in the accident report, Lotz testified that Sherry Pottorf was traveling at a speed of 22 to 25 miles per hour when she began to brake. Lotz also testified as to the approximate location of the parties just prior to the accident. Lotz's testimony was given to a reasonable degree of scientific certainty.
 {¶ 7} During cross-examination, Lotz admitted that his numbers are only accurate if the information he received from the police report is accurate, that he did not personally inspect the accident site. Lotz also admitted that all of calculations are just educated guesses based upon his experience reconstructing accidents. The Pottorfs did not object to Lotz's testimony as speculative or ask that it be stricken until after Bray had rested. The objection was based upon the lack of explanation as to the formulas used to calculate the speeds. The trial court overruled the objection on the grounds that any failures to fully explain went to the credibility of the witness, not the admissibility of the evidence.[2]
The trial court's conclusion is supported by some evidence and is thus not an abuse of discretion. The fourth assignment of error is overruled.
 {¶ 8} Finally, the Pottorfs claim that the trial court erred in admitting defense exhibits A and E. Exhibit A was the police report and Exhibit E was the map used by Lotz during his testimony. The Pottorfs objected to the admission of both of these exhibits and both objections were overruled. The Pottorfs claim that Exhibit E is inadmissible because the testimony of Lotz is inadmissible. Having ruled that Lotz's testimony is admissible, the exhibit is also admissible.
 {¶ 9} The Pottorfs object to the admission of the police report on the basis that it contained hearsay testimony. Officer Kenneth Spencer ("Spencer") was the investigating officer and the author of the police report. At trial Spencer testified for the Pottorfs as to the content of the police report and that he had signed the police report. The trial court permitted the admission of the report only after the hearsay contained in the report, as agreed upon by counsel, was redacted. This left the actual measurements and drawings done by Spencer himself as the only information on the report. This information was verified by Spencer and subject to cross-examination. Portions of police reports observed personally by the officer are admissible into evidence as public records.Sanders v. Hairston (1988), 51 Ohio App.3d 63, 554 N.E.2d 951. Thus, the trial court did not err by admitting these exhibits. The fifth assignment of error is overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Shelby County is affirmed.
Judgment Affirmed.
WALTERS and SHAW, J.J, concur.
[1] The record does not reveal any judgment entry granting the motion in limine and the transcript does not reveal where the motion was granted. However, the February 12, 2003, transcript on page 71-72 indicates that the Pottorfs' counsel understood the motion to be granted and the trial court confirmed that understanding.
[2] This court notes that counsel could have raised these issues on cross-examination but chose not to do so and did not raise the objections at a time when they could have been cured.