OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Richard A. Galloway, appeals his conviction and sentence from the Richland County Court of Common Pleas, for one count of having weapons while under disability in violation of R.C. 2923.13, a felony of the third degree by virtue of R.C. 2923.13 (B). The plaintiff-appellee is the State of Ohio.
 {¶ 2} Appellant waived his right to a jury trial and a trial to the court was held on August 19, 2003.
 {¶ 3} On January 13, 2003, Officer Ken Coontz of the Mansfield Police Department responded to a domestic disturbance call involving the appellant and his live-in girlfriend Nicole Shaw.
 {¶ 4} During the course of this investigation, Ms. Shaw informed the officer that appellant was in possession of a shotgun and a handgun. Ms. Shaw directed the officer to a closet in the back bedroom where he discovered a shotgun hidden underneath a stack of folded clothing. A handgun was never found on the premises. No ammunition for the shotgun was found inside the apartment.
 {¶ 5} Michael Rockwell testified that he had worked with the appellant at a local restaurant. Mr. Rockwell testified that he and appellant had gone hunting and that he, Michael Rockwell, left the shotgun with appellant.
 {¶ 6} The shotgun was tested and found to be operable.
 {¶ 7} Lisa Auck, an officer with the Ohio Adult Parole Authority was called as a witness by the State to prove that appellant had been convicted of a felony of the first or second degree and that less than five years elapsed from appellant's release from imprisonment or post-release control for that charge.
 {¶ 8} Ms. Auck was permitted to testify over appellant's objections that she had received information pertaining to a felony conviction in 1988 in the State of Illinois. Ms. Auck testified from what was marked as State's Exhibits 6 and 7. Ms. Auck was permitted to testify concerning the substance of documents obtained from the State of Illinois that appellant had finally been released from prison in 1998.
 {¶ 9} Ms. Auck further testified that she met with appellant. She did not discuss with him any sentence he had received in any Illinois case, nor whether or not appellant had any parole violations in that state. (T. at 54).
 {¶ 10} Ms. Auck never discussed the nature of any charges in the State of Illinois with appellant. (T. at 54-55).
 {¶ 11} Finally, Ms. Auck was unable to make a correlation between offenses that had been charged in Illinois and the Ohio equivalence for similar offenses. (T. at 56). However, the State was able to illicit some testimony from the witness based on a "criminal history" document contained in State's Exhibit 7 that appeared to indicate at least one of the prior Illinois felonies was of the first degree. (T. at 59).
 {¶ 12} At the conclusion of the State's case-in-chief when exhibits were being offered for admission, appellant's counsel again objected to Exhibits 6 and 7, on the ground that they were not sufficient evidence of its prior convictions. The objection was overruled. Appellant then followed with a Crim. R. 29 motion for acquittal based on failure of the State to prove the elements of the indictment, due to insufficient evidence of appellant's prior convictions. The trial court denied the motion because in the judge's opinion, "But I would say that if we have a case in which you get an eighteen-year sentence, it sounds like it's right up there at the top of either the first or second degree felony * * * So I am taking the position that there is sufficient evidence to find the person had been convicted of a first or second degree felony, given all this packet together, and that the records we have here are sufficient to find that." (T. at 73).
 {¶ 13} Appellant was found guilty and sentenced to three years of prison. It is from this conviction that appellant filed a timely notice of appeal in the instant case raising the following two assignments of error:
 {¶ 14} "Appellant was denied a fair trial and due process of law because his conviction was not supported by evidence sufficient to prove each and every element of the offense beyond a reasonable doubt.
 {¶ 15} "The trial court abused its discretion by its admission of inadmissible records offered by the state to prove a prior illinois conviction, as well as by its failure to grant appellant's motion for judgment of acquittal."
 {¶ 16} Although appellant purports to raise two assignments of error, he does separately brief each issue. See App. R. 16 (A)(7). As appellant argues the errors collectively, this court will review the errors together.
 {¶ 17} At the outset, we would note that having weapons while under a disability pursuant to R.C. 2923.13 has been amended since the time of appellant's indictment in this case. R.C.2923.13 (A) Having Weapons While Under Disability in effect at the time of appellant's indictment provided:
 {¶ 18} "(A) Unless relieved from disability as provided in Section 2923.14 of Revised Code no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordinance, if any of the following apply:
 {¶ 19} "(1) The person is a fugitive from justice.
 {¶ 20} "(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.
 {¶ 21} "(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.
 {¶ 22} "(4) The person is drug dependent, in danger of drug dependence, or a chronic alcoholic.
 {¶ 23} "(5) The person is under adjudication of mental incompetence."
 {¶ 24} R.C. 2923.13 (B) in effect at the time of the appellant's indictment in this case provided:
 {¶ 25} "(B) No person who had been convicted of a felony of the first or second degree shall violate division (A) of this section within five years of the date of person's release from prison or from post-release control that is imposed for the commission of a felony of the first or second degree."
 {¶ 26} R.C. 2923.13 (C) provided:
 {¶ 27} "(C) Whoever violates this section is guilty of having weapons while under disability. A violation of division (A) of this section is a felony of the fifth degree. A violation of division (B) of this section is a felony of the third degree."
 {¶ 28} Appellant challenges the evidence submitted to prove that he had been convicted of either a felony of the first or second degree, or released from imprisonment or post-release control for a first or second degree felony within five years of the instant charge.
 {¶ 29} At issue are State's Exhibits 6 and 7 admitted by the trial court.
 {¶ 30} The existence of a conviction for a prior offense under R.C. 2923.13 (B) is an element of the crime which the State must prove beyond a reasonable doubt before elevating the crime to a third degree felony. See Apprendi v. New Jersey (2000),530 U.S. 466, 120, S.Ct. 2348; State v. Henderson (1979),58 Ohio St.2d 171, 389 N.E.2d 494.
 {¶ 31} Whenever the State must prove a prior conviction, a certified copy of the entry of judgment of the prior conviction, together with sufficient evidence to identify the accused named in the entry as the offender in the case at bar, is sufficient proof of the prior conviction. R.C. 2945.75 (B); State v.McDowell (2002), 150 Ohio App.3d 413, 2002-Ohio-6712; State v.Harrington, 3d Dist. No. 8-01-20, 2002-Ohio-2190.
 {¶ 32} Evid.R. 902 provides for the self-authentication of documents and states, in relevant part:
 {¶ 33} "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
 {¶ 34} * * * "(4) Certified copies of public records. A copy of an official record or report * * * certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1)(2) or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio."
 {¶ 35} In the case at bar, State's Exhibit 6 are public records certified by the Clerk of the Circuit Court of Cook County, Illinois. Accordingly, these documents were admissible at trial pursuant to Evid.R. 902(4).
 {¶ 36} State's Exhibit 7, however, appears to be a compilation of documents. The first nine (9) pages appear to be a facsimile transmission from the Illinois State Police, Criminal Intelligence Bureau. The following two pages appear to be a response to a facsimile transmission from the City of Chicago Department of Police Identification section. The pages contain no seal and no certification as required by Evid.R. 902. The remaining five (5) pages of State's Exhibit 7 are certified copies from the Clerk of the Circuit Court of Cook County, Illinois. These appear to be identical to State's Exhibit 6.
 {¶ 37} Before a document can be admitted into evidence, it must satisfy the requirements of authentication. State v. Smith
(1989), 63 Ohio App.3d 71, 74. In order to be admissible, documents require authentication in accordance with Evid. R. 901 or 902. State v. Bolden, 5th Dist. No. 00CA90, 2001-Ohio-1910.
 {¶ 38} In State v. Davis (1991), 62 Ohio St.3d 326,581 N.E.2d 1362, the State introduced uncertified copies of booking sheets of the defendant from an Illinois jail/courthouse. Id. at 343, 581 N.E.2d 1376. In finding that the trial court improperly admitted the records, the court stated:
 {¶ 39} "In the case at bar, the State sought to lay the foundation for admission of records maintained by the Illinois Prison System through the testimony of an Ohio police officer. The police officer possessed no knowledge of the internal record maintenance system employed by an Illinois State agency. His testimony was limited to the fact that he obtained the records therefrom. Therefore, the records were improperly admitted since no proper foundation was laid by proper custodian or witness sufficiently familiar with the operation of the business." Id. at 343, 581 N.E.2d at 1377.
 {¶ 40} In State v. Straits (Oct. 1, 1999), 5th Dist. No. 99CA7, this court found that a Law Enforcement Automated Data System, a.k.a., LEADS, printout was a non-public record not exempt from the hearsay rule under Evid. R. 803(A).
 {¶ 41} Accordingly, as the Ohio Adult Parole Authority officer possessed no knowledge of records maintained by the Illinois State Police or the City of Chicago Department of Police, she could not authenticate those documents. Those documents are not self-authenticating because they do not bear a seal or attestation as required by Evid. R. 902. Therefore, the admission of those pages by the trial court was error.
 {¶ 42} The question now becomes whether the remaining record is sufficient to prove beyond a reasonable doubt: (1). That appellant had previously been convicted of a felony of the first or second degree, and (2). Whether appellant's arrest in this case was within five years of either his release from prison or from post-release control imposed for the conviction for the felony of the first degree or second degree.
 {¶ 43} In State ex rel. White v. Junkin (1997),80 Ohio St.3d 335, 686 N.E.2d 267, the Ohio Supreme Court reviewed Crim.R. 32(B). The current version of Crim. R. 32 contains the language reviewed by the court in Subsection C, which provides:
 {¶ 44} "(C) Judgment. A judgment of conviction shall set forth a plea, the verdict or finding, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 45} The court in Junkin, supra, noted that the key to the entry of a judgment is the filing with the clerk of courts for journalization, 80 Ohio St.3d at 337, 686 N.E.2d at 269.
 {¶ 46} In the case at bar, State's Exhibit 6 and the admissible portions State's Exhibit 7 are captioned: "In the circuit court of cook county, illinois, the people of the State of Illinois vs. Richard A. Galloway" The documents further refer to specific case numbers within the court system. The documents are entitled: "Certified Statement of Conviction/Disposition" and contain the following language:" I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that * * *" Finally, the documents bear the seal of the court with the following language: "I hereby certify that the foregoing has been entered of record on the above-captioned case. Date 03/07/03 and they are signed by "Dorothy Brown, Clerk of the Circuit Court of Cook County."
 {¶ 47} Unlike the simple docketing statement in Junkin,
supra, taken as a whole, the documents in this case are sufficient to establish that the matters referred to within the documents were in fact "entered of record" in the cases. No challenge has been raised concerning the identity of the appellant as the person referred to in the Cook County Records, nor was any evidence presented or argument made that the information was not properly recorded.
 {¶ 48} The records established that in Cook County Circuit Court Case No. 88CR1051001, appellant was indicted for twelve counts. Appellant was convicted of six counts. The records do not indicate whether he pled or was tried or was found guilty by a jury. The records do not reveal whether he was convicted as charged or of a lesser offense. The records do not establish the date appellant was sentenced to prison. No record establishes any release date from the penal system or whether appellant was subjected to post-release control. As the records indicate that appellant's convictions occurred in 1989, they are well beyond the five-year time period contained in R.C. 2923.13 (B).
 {¶ 49} The testimony of Parole Office Auck concerning probation violations and appellant's release date from prison was based upon those portions of State's Exhibit 7 which we have found to have been improperly admitted by the trial court. (T. at 49; 54). That testimony was inadmissible as hearsay under Evid. R. 802, and as improper proof as to the contents of a writing under Evid.R. 1002. State v. Wilson (Oct. 24, 1997), 2nd Dist. No. 96-CA-22. As the court in Wilson, supra, noted: "Finally, we observe that one essential link in the evidentiary chain between the defendant Wilson and the escape conviction was proven only through Ms. Pugh's testimony as to the content of the probation record. * * * Although Evid.R. 803(6) permits introduction of records regularly conducted activity, that exception concerns the introduction of the documents themselves, not oral testimony such as the witness gave. `There is no hearsay exception that allows a witness to testify to the contents of business records, in lieu of providing and authenticating the records in question' Hayes v. Cleveland Pneumatic Co. (1993),92 Ohio App.3d 36, 44, 634 N.E.2d 228, citing St. Paul Fire Marine Ins. Co. v. Ohio Fast Freight Inc. (1982),8 Ohio App.3d 155, 456 N.E.2d 551. See, also, Sanders v. Hariston (1988),51 Ohio App.3d 63, 554 N.E.2d 951: `Ordinarily, the court should not permit witnesses to recite or paraphrase a business or public record that has not been received as an exhibit.' Id. at 65,554 N.E.2d 951. * * *"
 {¶ 50} In the case at bar, the appellant did object at trial. (T. at 50-52; 57). Appellant further moved to strike Ms. Auck's testimony concerning the prior convictions. (Id. at 60-61). Without Ms. Auck's testimony the record contains no evidence that the appellant was convicted of a first or second degree felony within five years of the instant offense or within five years of his release from imprisonment or post-release control.
 {¶ 51} Due process requires that the government prove beyond a reasonable doubt every element necessary to constitute the crime with which the accused is charged. In Re: Winship (1970),397 U.S. 358. Due process further forbids the courts from requiring the person accused of a criminal offense affirmatively disprove any element of the crime. Mullaney v. Wilbur (1975),421 U.S. 684. As previously noted existence of a conviction for a prior offense under R.C. 2923.13 (B) is an element of the crime which the State was required to prove beyond a reasonable doubt before elevating the crime to a third degree felony. A thorough review of the entire record in this case contains no evidence that the appellant was convicted of a first or second degree felony within five years of the instant offense or within five years of his release from imprisonment or post-release control.
 {¶ 52} Accordingly, appellant's first and second assignments of error are sustained.
 {¶ 53} For the foregoing reasons, the judgment of the
Richland County Court of Common Pleas is hereby reversed and the case is remanded for further proceedings consistent with this opinion.
Wise and Boggins, JJ., concur.
 {¶ 54} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is hereby reversed and the case is remanded for further proceedings consistent with this opinion. Costs to appellee.