OPINION
{¶ 1} Plaintiff, Magdalen Weaver, appeals from a summary judgment for Defendant, Booher Carpet Sales, Inc.[1]
("Booher"), on Plaintiff's claim for relief alleging negligence.
{¶ 2} On May 7, 2001, Mrs. Weaver, age seventy-six, and her husband, entered Booher's carpet and flooring store in Dayton to shop for kitchen floor coverings. They arrived at about 4:30 p.m. The interior of the store was well-lighted by overhead lights and by daylight that entered through large front windows. From the record it appears that a considerable amount of store merchandise was displayed both on eye-level displays as well as on the floor of the store itself.
{¶ 3} Mrs. Weaver examined samples of wood flooring displayed at the rear of the store. She then made her way back toward the front. As she did, Mrs. Weaver stopped to inspect a carousel display of area rugs. The rugs were hung from rods at the top of the display. Others were stacked and stored below. The ends of that stack of rugs projected out from below the display. The walkway between the carousel display and the adjoining stack of rugs was only about two feet wide. When Mrs. Weaver stepped away from the carousel display, her foot caught the end of one of the rugs stacked below the display, causing her to fall to the floor. She suffered a fractured hip.
{¶ 4} Mrs. Weaver filed a complaint for personal injuries in the court of common pleas. Booher filed an answer, and subsequently a motion for summary judgment. The trial court granted Booher's motion. Mrs. Weaver appeals, contending that the trial court erred when it granted Booher's motion.
{¶ 5} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First NationalBank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326. However, the issues of law involved are reviewed de novo. Nilavar v.Osborn (1998), 127 Ohio App.3d 1.
{¶ 6} A business owner or operator owes persons whom he invites to enter his business premises a duty of ordinary care to maintain the premises in a reasonably safe condition so that his invitees are not unnecessarily and unreasonably exposed to danger. Campbell v. Hughes Provision Co. (1950),153 Ohio St. 9. That duty is assumed by the terms of the owner/operator's invitation, because implicit in it is a representation that the premises are reasonably safe for the invited purpose. Because of that representation, invitees may reasonably expect that the premises are safe, free from any hidden dangers. Keeton, Personal Injuries Resulting From Open and Obvious Conditions, 100 U.Pa. L.Rev. 629 (1951-1952).
{¶ 7} When hidden dangers do exist, the owner/operator is charged with an alternative duty: to either cure those dangers or, failing that, to warn the invitee of their existence in order to permit her to protect herself from the particular danger concerned. The owner's duty to warn arises from his superior knowledge that the danger exists. Id.
{¶ 8} Nevertheless, the owner/operator's duty to warn extends only to conditions which the invitee, by the exercise of ordinary care, would not be expected to discover for herself. There is no duty to warn of the existence of dangers which are so apparent that the invitee may reasonably be expected to discover them and to protect herself from the risks of harm they present. Id.
Then, the owner owes no duty to the invitee which his act or omission may breach. Armstrong v. Best Buy, Inc.,99 Ohio St.3d 79, 2003-Ohio-2573. "The rationale underlying this doctrine is `that the open and obvious nature of the hazard itself serves as a warning.'" Id., at ¶ 5, quoting Simmers v. Bentley Constr.Co. (1992), 64 Ohio St.3d 642, 644.
{¶ 9} The foregoing considerations present an objective test, one involving the owner/operator's conduct alone. The invitee's conduct is immaterial. Therefore, the fact that the invitee was distracted by other conditions or simply didn't notice the danger, which are matters relating to the invitee's subjective state of mind, are immaterial to application of the "open and obvious" doctrine. Keeton
{¶ 10} The trial court made two findings on the basis of which it granted Booher's motion for summary judgment.
{¶ 11} First, the court found that the stack of carpets on which Mrs. Weaver tripped was not an unreasonably dangerous condition. The court noted that, though only the ends of the rugs were readily visible, the store was well-lighted. Further, Mrs. Weaver conceded that because she had been examining the rugs hung from the carousel display, she did not look down and therefore did not see the ends of rugs projecting from below it.
{¶ 12} Whether any alleged defect is an unreasonably dangerous condition is generally a question of fact for the jury to decide.Baldauf v. Kent State University (1988), 49 Ohio App.3d 46. Only where the defect is so trivial that reasonable minds could not find that it was or is unreasonably dangerous should summary judgment be granted on that issue. Id.
{¶ 13} The trial court's analysis on this point focused on whether Mrs. Weaver reasonably should have seen the end of the stack of rugs that caused her to fall, rather than on the substantiality of the hazard the stack of rugs presented. The court observed that "[u]nder the facts of this case, a stack of rugs in a carpet store that has many piles of rugs on the ground is not an unreasonably dangerous condition." (Decision, p. 6). However, whether a condition is unreasonably dangerous depends on the particular risk of harm it presents, not whether similar hazards exist or whether an invitee ought to have apprehended the particular hazard. On these facts, reasonable minds might find that the hazard involved was not trivial but substantial.
{¶ 14} The second finding the trial court made was that, "[a]ssuming arguendo, the stack of rugs that Mrs. Weaver tripped over was an unreasonably dangerous condition, the Plaintiff's claim still fails as a matter of law because the rugs were an open and obvious condition." (Decision, p. 7). The court noted that Mrs. Weaver said she was aware that there were stacks of rugs in the aisles of the store, and that nothing had blocked her view of the stack that caused her to trip and fall. She merely failed to see it because she was examining the rugs hanging above it.
{¶ 15} The fact that Mrs. Weaver knew that rugs were stacked on the floor of the store is immaterial to application of the open and obvious doctrine. In Armstrong, which was decided subsequent to the trial court's decision granting Booher's motion, the Supreme Court emphasized that the issue of a plaintiff's contributory negligence and the parties' comparative fault is separate and distinct from the existence of a defendant's legal duty, and that the open-and-obvious doctrine "relates to the threshold issue of (the defendant's) duty."Id., at ¶ 13, The court explained:
{¶ 16} "By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff."Id., ¶ 13.
{¶ 17} That Ms. Weaver was aware that rugs were stacked on the floor is a matter implicating her subjective state of mind, and the fact that she failed to use her opportunity to discover the stack of rugs relates to her conduct, not Booher's. Neither determines whether Booher owed her a duty to warn. That depends, instead, on whether Booher reasonably could expect that a person in Ms. Weaver's position would have discovered the stack of rugs when exercising ordinary care for her own safety.
{¶ 18} The stack of rugs was for the most part hidden by the carousal display above them. However, the corner of the stack on which Ms. Weaver tripped was not, and the danger it presented was apparent. We agree that Booher could reasonably expect that a shopper such as Ms. Weaver would, in the exercise of ordinary care, discover the danger and take steps to protect herself from it. The hazard that proximately caused Mrs. Weaver's injuries was therefore open and obvious, and Booher owed no duty to Ms. Weaver that it breached by allowing the hazardous condition to exist or failing to warn Mrs. Weaver of it. Absent a breach of a duty the law imposes, liability does not exist, notwithstanding the seriousness of the injuries and losses a plaintiff suffers in her encounter with a dangerous condition.
{¶ 19} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.
[1] Defendant-Appellee represents that this is its correct name, and that the version in the case caption is incorrect.