[Cite as *Kerns v. Hale*, 2024-Ohio-2061.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| JEROMY J. KERNS, | : | |
| | : | Case No. 23CA4039 |
| Plaintiff-Appellant, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| ANDREW HALE et al., | : | |
| | : | |
| Defendants-Appellees. | : | **RELEASED: 05/22/2024** |

_____

APPEARANCES:

Andrew S. Hanes and Robert T. Trujillo, Wheelersburg, Ohio for appellant.

Susan M. Salyer and John R. Hass, Loveland, Ohio for appellees.

_____

Wilkin, J.

{¶1} This is an appeal of appellant Jeromy Kerns ("Kerns") from a July 3, 2023 summary judgment issued by the Scioto County Court of Common Pleas in favor of appellees Andrew Hale and Holly Hale (hereinafter Andrew and Holly).

{¶2} On October 26, 2021, the trial court issued a summary judgment in favor of Andrew and Holly. Kerns appealed, but we sua sponte dismissed due to lack of a final appealable order because the trial court did not address all of Kerns' claims. *See Kerns v. Hale*, 2023-Ohio-1175, 212 N.E.3d 1175, ¶ 2 (4th Dist.) ("*Kerns I*").

{¶3} Subsequently on July 3, 2023, the trial court issued a second summary judgment in favor of Andrew and Holly that addressed all of Kerns' claims. Kerns appeals.

**{¶4}** After reviewing the parties' arguments, the record, and the applicable law, we overrule all six of Kerns' assignments of error, and affirm the trial court's summary judgment against Kerns in favor of Andrew and Holly.

## FACTS AND PROCEDURAL BACKGROUND

**{¶5}** This is the second time that Kerns brings an appeal before this court seeking recovery of damages from Andrew and Holly after his initial appeal was dismissed for lack of a final appealable order. Thus, for an extensive discussion of the facts and procedural history of this case, we refer the reader to our previous decision in *Kerns I*.

**{¶6}** On the evening of September 18, 2018, while operating his mother's vehicle on U.S. Rt. 53, a divided highway, Andrew struck and injured Kerns, who was a pedestrian. Kerns filed suit seeking damages against Andrew under various theories of liability, and against Holly for negligently entrusting her vehicle to Andrew. As discussed supra, the trial court issued its second summary judgment in this case in favor of Andrew and Holly, which is the subject of Kerns' appeal herein.

## ASSIGNMENTS OF ERROR

I.   THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE ANDREW HALE'S MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER DEFENDANT-APPELLEE ANDREW HALE WAS NEGLIGENT AND/OR NEGLIGENT PER SE IN FAILING TO MAINTAIN AN ASSURED CLEAR DISTANCE BEFORE STRIKING PLAITIFF-APPELLANT WITH THE VEHICLE HE WAS OPERATING.

II.  THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE ANDREW HALE'S MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER DEFENDANT-APPELLEE ANDREW HALE WAS NEGLIGENT

AND/OR NEGLIGENT PER SE IN FAILING TO CONTROL THE
VEHICLE HE WAS OPERATING.

III.     THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE
ANDREW HALE'S MOTION FOR SUMMARY JUDGMENT AS
GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER
DEFENDANT-APPELLEE ANDREW HALE WAS NEGLIGENT
AND/OR NEGLIGENT PER SE IN OPERATING THE VEHICLE AT
ISSUE.

IV.     THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE
ANDREW HALE'S MOTION FOR SUMMARY JUDGMENT WITH
REGARD TO PLAINTIFF-APPELLANT'S CLAIM FOR PUNITIVE
DAMAGES.

V.      THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE
ANDREW HALE'S MOTION FOR SUMMARY JUDGMENT WITH
REGARDS TO PLAINTIFF-APPELLEE'S CLAIM FOR ATTORNEY
FEES.

VI.     TRIAL COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT'S
NEGLIGENT ENTRUSTMENT CLAIM AGAINST DEFENDANT-
APPELLEE HOLLY HALE AS GENUINE ISSUES OF MATERIAL FACT
EXIST AS TO WHETHER DEFENDANT-APPELLEE HOLLY HALE
WAS NEGLIGENT IN ENTRUSTINF HER VEHICLE TO DEFEDANT-
APPELLEE ANDREW HALE.

## STANDARD OF REVIEW

{¶7} " '[A]ppellate courts conduct a de novo review of trial court summary

judgment decisions.' " *Worthy v. Hawthorne*, 4th Dist. Lawrence No. 20CA5,

2021-Ohio-813, ¶ 12, quoting *Greene v. Partridge*, 2016-Ohio-8475, 78 N.E.3d

197, ¶ 13 (4th Dist.), citing *Snyder v. Ohio Dept. of Nat. Resources*, 140 Ohio

St.3d 322, 2014-Ohio-3942, 18 N.E.3d 416, ¶ 2.  This means "an appellate court

must independently review the record to determine if summary judgment is

appropriate and need not defer to the trial court's decision."  *Graf v. City of*

*Nelsonville*, 4th Dist. Athens No. 8CA28, 2019-Ohio-2386, ¶ 35, citing *Grafton v.*

*Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  "To determine

whether a trial court properly granted a summary judgment motion, an appellate court must review the Civ.R. 56 summary judgment standard, as well as the applicable law." *Hawthorne* at ¶ 12, citing *Snyder* at ¶ 2. "In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in favor of the nonmoving party." *State ex rel. Deem v. Pomeroy*, 2018-Ohio-1120, 109 N.E.3d 30, ¶ 16 (4th Dist.), citing Civ.R. 56(C).

{¶8} "The principal purpose of Civ.R. 56(E) is to enable movement beyond allegations in pleadings and to analyze the evidence so as to ascertain whether an actual need for a trial exists." *Ormet Primary Aluminum Corp. v. Emps. Ins. of Wausau*, 88 Ohio St.3d 292, 300, 2000-Ohio-330, 725 N.E.2d 646, citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). As "a procedural device to terminate litigation, summary judgment must be awarded with caution." *Id.*, citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138. Consequently, "a court must not 'consider either "the quantum" or the "superior credibility" of evidence.' " *Hawthorne* at ¶14, quoting *McGee v. Goodyear Atomic Corp.*, 103 Ohio App.3d 236, 242, 659 N.E.2d 317 (4th Dist.1995), quoting *Hirschberg v. Albright*, 322 N.E.2d 682, 683 (1st Dist.1974).

{¶9} " 'Under Civ.R. 56, the moving party bears the initial burden to inform the trial court of the basis for the motion and to identify those portions of the record that demonstrate the absence of a material fact.' " *Wise v. E. Hall Funeral Home, Inc.*, 4th Dist. Lawrence No. 21CA6, 2022-Ohio-394, ¶ 9, quoting

*Dillon v. Siniff*, 4th Dist. Ross No. 11CA3268, 2012-Ohio-910, ¶ 17, citing *Vahila*

*v. Hall*, 77 Ohio St.3d 421, 429-430, 674 N.E.2d 1164 (1997).

> To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims.

*DeepRock Disposal Sols., LLC v. Forte Prods. LLC*, 4th Dist. Washington No. 20CA15, 2021-Ohio-1436, ¶ 68, quoting Civ.R. 56(C); *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).

{¶10} If "the moving party satisfies its burden, the nonmoving party bears

a corresponding duty to set forth specific facts to show that a genuine issue

exists." *Hawthorne*, 4th Dist. Lawrence No. 20CA5, 2021-Ohio-813, ¶ 16, citing

Civ.R. 56(E); *Burt* at 289. " ' "Mere speculation and unsupported conclusory

assertions are not sufficient" ' to meet the nonmovant's reciprocal burden to set

forth specific facts to show that a genuine issue exists." *Id.* at ¶ 17, quoting *Bank*

*of New York Mellon v. Bobo*, 2015-Ohio-4601, 50 N.E.3d 229, ¶ 13 (4th Dist.),

quoting *Loveday v. Essential Heating Cooling & Refrig., Inc.*, 4th Dist. Gallia No.

08CA4, 2008-Ohio-4756, ¶ 9. Rather, "[t]o survive summary judgment, the non-

moving party must produce evidence showing that a genuine issue of fact exists

concerning any issue for which the non-moving party bears the burden of proof."

*Watters v. Ross Cty. Children's Servs.*, 4th Dist. Pickaway Nos. 99CA9 and

99CA12, 2000 WL 228254, *3 (Feb. 18, 2000), citing Civ.R. 56(E). " 'If the party

does not so respond, summary judgment, if appropriate, shall be entered against

the party.' " *Graf*, 4th Dist. Athens No. 8CA28, 2019-Ohio-2386, ¶ 39, quoting

Civ.R. 56(E).

**{¶11}** "A nonmoving party need not try its case when defending against a summary judgment motion. A nonmoving party must, however, produce more than a scintilla of evidence to support its case." *Hawthorne*, 4th Dist. Lawrence No. 20CA5, 2021-Ohio-813, ¶ 18, citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "To hold otherwise 'is, in extreme cases, to permit the jury to play with shadowy and elusive inferences which the logical mind rejects.' " *Adkins v. Yamaha Motor Corp., U.S.A.*, 2014-Ohio-3747, 17 N.E.3d 654, ¶ 18 (4th Dist.), quoting *Hamden Lodge No. 517, I.O.O.F. v. Ohio Fuel Gas Co.,* 127 Ohio St. 469, 482, 189 N.E. 246 (1934). " ' "The non-moving party may not rely on isolated facts to support his claim. Indeed, he must show that the evidence as a whole substantiates his claim." ' " *Id.*, quoting *Williams v. 312 Walnut Ltd. Partnership,* 1st Dist. Hamilton No. C–960368, 1996 WL 741982 (Dec. 31, 1996), quoting *Paul v. Uniroyal Plastics Co., Inc.,* 62 Ohio App.3d 277, 282, 575 N.E.2d 484 (6th Dist. 1988). "The essential question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Id.*, quoting *Anderson* at 251-252.

**{¶12}** "[S]ummary judgment is granted when no genuine issues of material fact remain to be litigated, the moving party is entitled to judgment as a matter of law, and, viewing the evidence in the light most favorable to the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Bohlen v. Anadarko E & P Onshore, L.L.C.,* 150 Ohio St.3d 197, 2017-

Ohio-4025, 80 N.E.3d 468, ¶ 10, citing *Temple v. Wean United, Inc.,* 50 Ohio

St.2d 317, 327, 364 N.E.2d 267 (1977).

ASSIGNMENTS OF ERROR I AND III

**{¶13}** In his first assignment of error, Kerns maintains that the trial court

erred in granting summary judgment in favor of Andrew because there were

genuine issues of material fact whether Andrew failed to maintain an assured

clear distance ahead under R.C. 4511.21(A) ("ACDA") when his vehicle struck

Kerns.  Kerns' third assignment of error claims that the trial court erred in

granting summary judgment to Andrew because there are genuine issues of

material fact whether Andrew negligently operated his vehicle at the time of the

accident.  Upon review of the third assignment of error, we find it also relies upon

the concept of ACDA.  Therefore, we will address Kerns' first and third

assignments of error together.

**{¶14}** Kerns claims the ACDA set out in R.C. 4511.21(A) provides that a

driver is negligent per se if he collides with an object that (1) is ahead of him in

his path of travel, (2) is stationary or moving in the same direction as the driver,

(3) did not suddenly appear in the driver's path, and (4) is reasonably discernible.

**{¶15}** Kerns maintains that Andrew's own testimony "undisputedly"

supports that he (Andrew) violated ACDA.  Regarding the first element of the

ACDA, Kerns claims that there is conflicting testimony regarding whether he was

walking on the road or on the berm of the road.  Kerns does not discuss the

second element.  With regard to the third element (i.e., that the object did not

suddenly appear) there is evidence that Kerns "did not suddenly enter" Andrew's

path of travel.  In support he cites Andrew's testimony that he skidded 50-100 feet before striking Kerns and that he "saw a #12 on a shirt, then I saw two people."  Finally, Kerns maintains that discernibility of the object regardless of size should be a jury question.

{¶16} Kerns also argues that the conditions at the time of the accident and certain facts make the ACDA claim an issue for a jury to decide.  For example, the road was wet and it was dark at the time of the accident.  Further, Andrew's vehicle did not have antilock brakes or high beam headlights.  Andrew's testimony regarding his speed differed.  Once he claimed it was 50 mph while another time he claimed it was 55 mph.  A jury should be able to consider these factors in determining whether there is a violation of ACDA.

{¶17} Andrew agrees that a plaintiff like Kerns must prove all four elements listed in R.C. 4511.21(A) for an ACDA claim to be successful. However, Andrew maintains that Kerns fails to present evidence to raise a genuine issue of material fact that he (Andrew) violated ACDA.  Andrew asserts that there is no genuine issue of material fact that Kerns can prove the second, third, and fourth prongs of the ACDA statute so his claim must fail.

{¶18} Pursuant to the second prong of the test, Andrew asserts that there is no genuine issue of material fact that Kerns was standing still or moving in the same direction as Andrew's vehicle at the time of the collision.  Andrew testified that at first he thought Kerns was a "deer crossing the highway[,]" which would be moving perpendicular to the highway.  Thus, the evidence shows that Kerns was not standing still or moving in the same direction of the vehicle.

**{¶19}** For the third prong of the test, Andrew asserts that Kerns appeared suddenly in his path as supported by his testimony that Kerns was "right on top of them" prior to the collision. Thus, Andrew had no time to see Kerns or react before the collision.

**{¶20}** For the fourth prong of the test, Andrew argues that Kerns has produced no evidence that he (Kerns) was reasonably discernible prior to the collision. When Andrew was asked whether he could discern what the objects were that he saw in the road, Andrew responded: "no."

**{¶21}** Finally, to the extent that Kerns alleges that Andrew was driving too fast the night of the collision, Andrew estimated his speed just prior to the collision to be 40 to 50 miles per hour, which was under the speed limit.

**{¶22}** Therefore, Andrew maintains that the trial court did not err in granting summary judgment in his favor regarding Kerns' ACDA claim.

Law

**{¶23}** Pursuant to R.C. 4511.21(A), " 'no person shall drive any motor vehicle * * * upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.' " *Pond v. Leslein*, 72 Ohio St.3d 50, 52, 647 N.E.2d 477 (1995), quoting R.C. 4511.21.

> Ohio case law has consistently held that a person violates the assured clear distance ahead statute if "there is evidence that the driver collided with an object which violates the assured clear distance ahead statute if a driver collides with an object that (1) is ahead of him in his path of travel, (2) is stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) is reasonably discernible.

*Id.*, citing *Blair v. Goff–Kirby Co.*, 49 Ohio St.2d 5, 7, 358 N.E.2d 634 (1976).

The first two prongs of the test are relatively straight forward.

{¶24} Regarding the third prong of the test,

> [t]he assured clear distance statute is not violated when
> "such assured clear distance ahead is, without [the driver's fault],
> suddenly cut down or lessened by the entrance within such clear
> distance and into his path or lane of travel an obstruction which
> renders him unable, in the exercise of ordinary care, to avoid
> colliding        therewith."        (Bracketed      language      sic.)

*Cross v. Krishnan*, 2d Dist. Montgomery No. 18772, 2001-Ohio-1645, *3, quoting
*Didier v. Johns*, 114 Ohio App. 3d 746, 752, 684 N.E.2d 337 (2d Dist.1996),
citing *Erdman v. Mestrovich*, 155 Ohio St. 85, 97 N.E.2d 674, paragraph two of
the syllabus (1951).

{¶25} With regard to the fourth prong of the test, the Supreme Court has stated that " '[t]he word "discernible" ordinarily implies something more than "visible." "Visible" means perceivable by the *eye* whereas "discernible" means *mentally* perceptible or distinguishable,—capable of being "discerned" by the *understanding* and not merely by the senses.' " (Emphasis sic.) *McFadden v. Elmer C. Breuer Transport Co.*, 156 Ohio St. 430, 442, 103 N.E.2d 385 (1952), quoting *Colonial Trust Co., Adm'r v. Elmer C. Breuer, Inc.*, 363 Pa. 101, 107, 69 A.2d 126 (1949).

{¶26} Finally, in construing the ACDA statute, the Court has commented:

> Where there is conflicting evidence and reasonable minds
> could differ concerning any one of the elements necessary to
> constitute a violation of the statute, a jury question exists with
> regard to that element. For instance, in numerous cases in which
> a collision occurred at night or during extraordinary weather
> conditions that reduced visibility, [the Supreme Court] held that a
> jury question existed as to whether the object that the driver hit
> was "reasonably discernible."

*Pond*, 72 Ohio St.3d at 52, 1995-Ohio-193, 647 N.E.2d 477, citing *Blair,* 49 Ohio St.2d at 7, 358 N.E.2d 634 (1976); *Tomlinson v. Cincinnati*, 4 Ohio St.3d 66, 69, 446 N.E.2d 454 (1983); *Junge v. Brothers*, 16 Ohio St.3d 1, 475 N.E.2d 477 (1985); *Sharp v. Norfolk & W. Ry. Co.*, 36 Ohio St.3d 172, 522 N.E.2d 528, syllabus (1988); and *Ziegler v. Wendel Poultry Serv., Inc.*, 67 Ohio St.3d 10, 13, 615 N.E.2d 1022 (1993).

**{¶27}** A violation of R.C. 4511.21(A) constitutes negligence *per se. Id.* at 53, 647 N.E.2d 477.  Negligence per se is

> predicated upon the principle that when an act is forbidden by express provisions of law, an absolute standard of conduct is set up, and one who commits the prohibited act resulting in injury will be deemed to be liable regardless of whether the injury might have been foreseen by a reasonably prudent person.  *Butts v. Ward*, 227    Wis.    387,    279    N.W.    6,    116    A.L.R.    1441.

*Eisenhuth v. Moneyhon*, 161 Ohio St. 367, 372, 119 N.E.2d 440 (1954).

Analysis

**{¶28}** Regarding the first prong of the ACDA statute, Andrew's vehicle struck and injured Kerns.  Thus, reasonable minds would agree that Kerns was "ahead of [Andrew] in his path of travel" at the time of the collision.

**{¶29}** Regarding the second prong of ACDA statute, Kerns did not recall anything about the accident so he was unable to offer testimony whether he was stationary or moving in the same direction as Andrew's vehicle prior to the collision.  The only evidence that appears probative of this question is Andrew's testimony that he initially thought that Kerns was a "deer crossing the highway." This infers that Kerns was walking perpendicular to the roadway as Andrew claims.  Therefore, we conclude that reasonable minds would find Kerns was not stationary or moving in the same direction of travel of Andrew's vehicle at the

time of the collision. Accordingly, Kerns cannot prove the second prong of the ACDA statute.

{¶30} Regarding the third prong of the ADCA, because of his lack of memory Kerns again affords no assistance in determining whether he suddenly appeared in front of Andrew. However, as we noted supra, Andrew testified he initially thought that Kerns was a "deer crossing the highway" and that by the time he saw Kerns and his companion he was "right on top of them." This evidence supports that reasonable minds would find Kerns *did* suddenly appear from the side of the road into the path of Andrew's vehicle. Accordingly, Kerns cannot prove the third prong of the ACDA statute.

{¶31} Regarding the fourth prong of ACDA, when asked if Kerns was "discernible" prior to the collision, Andrew's response was "no." However, Andrew also testified that the conditions obscured his view. The Supreme Court instructs that where there is conflicting evidence, such as where the "collision occurred at night or during extraordinary weather conditions that reduced visibility, [the Court had] held that a jury question existed as to whether the object that the driver hit was 'reasonably discernible.' " *Leslein*, 72 Ohio St.3d at 52, 1995-Ohio-193, 647 N.E.2d 477, citing *Blair*, 49 Ohio St.2d at 7, 358 N.E.2d 634 (1976). In this case, it was dark, wet, and possibly drizzling at the time of the accident. Therefore, reasonable minds could differ on whether Kerns was discernible before the collision.

{¶32} Because Kerns has failed to raise a genuine issue of material fact regarding the second and third prongs of the ADCA stature, the trial court did not

err in granting summary judgment in favor of Andrew on Kerns' ACDA claim.
Accordingly, we overrule Kerns' first and third assignments of error.

ASSIGNMENT OF ERROR II

**{¶33}** In his second assignment of error, Kerns maintains that the trial
court erred in granting Andrew's motion for summary judgment as genuine
issues of material fact exist as to whether Andrew was negligent and/or
negligent per se in failing to control the vehicle he was operating.  Kerns
makes two separate arguments in support of his second assignment of error.

**{¶34}** Kerns first asserts that the trial court improperly relied upon R.C.
4511.48(A) in granting summary judgment in Andrew's favor because he (Kerns)
was never charged with a violation of that provision.  Kerns then goes on to claim
that "even assuming arguendo" that the trial court's reliance on R.C. 4511.48(A)
was proper, it does not relieve the driver of a vehicle from exercising due care to
avoid hitting a pedestrian, citing R.C. 4511.48(E).  "This section does not relieve
the operator of a vehicle … from exercising due care to avoid colliding with any
pedestrian upon any roadway."  Therefore, Kerns claims that there is a genuine
issue of material fact as to whether Andrew exercised due care in avoiding the
accident.

**{¶35}** Next Kerns argues that the trial court erred in concluding that
reasonable minds would not differ in finding that he (Kerns) was on the road at
the time of the accident.  Kerns maintains that there is a genuine issue of
material fact as to whether he was on the road or the berm of the road at the time
of the accident.  Kerns contends that the trial court ignored his deposition

testimony in which he stated that he was walking on the berm, which was consistent with the affidavit attached to his memo contra to Andrew and Holly's motion for summary judgment. Therefore, he asserts there was a genuine issue of material fact as to whether Andrew lost control of his vehicle striking Kerns while he was on the berm.

{¶36} In response, Andrew maintains that the trial court properly relied on R.C. 4511.48(A) to determine liability, not because Kerns was charged with a violation of that provision, but because it sets out a duty that requires pedestrians to yield the right-of-way to vehicles.

{¶37} Further, Andrew argues that there is no evidence that he was negligent regarding the accident. And, in response to Kerns' claim that there are genuine issues of material fact as to Kerns' proximity to the road at the time of the accident, Andrew claims that it is undisputed that Kerns was on the road at the time of the accident. Andrew asserts that Kerns' deposition does not create a genuine issue of material fact as to whether he was on the road or the berm *at the time of the accident*. Kerns testified in his deposition that he was on the berm at the time he left Wheelersburg, but could not recall where he was at the time of the accident. In his later-filed affidavit, Kerns did aver that he was on the side of the road at the time of the accident. However, because his affidavit was inconsistent with his deposition regarding his location at the time of the accident, and Kerns did not explain the inconsistency, his affidavit cannot raise a genuine issue of material fact as to his location at the time of the accident under *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47. Therefore, Andrew

maintains that it is undisputed that Kerns was on the road at the time of the accident and he (Andrew) was not negligent.

**{¶38}** Thus, Andrew argues that the trial court did not err in granting summary judgment in favor of Andrew regarding Kerns' claim of negligence or negligence per se.

Law

1.  R.C. 4511.48

**{¶39}** It is well settled that " 'a cause of action for negligence requires proof of (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) breach of that duty, (3) a causal connection between the breach and injury, and (4) damages.' " *Hendrickson v. Grider*, 2016-Ohio-8474, 70 N.E.3d 604, ¶ 63 (4th Dist.), quoting *Cromer v. Children's Hosp. Med. Ctr. of Akron,* 142 Ohio St.3d 257, 2015-Ohio-229, 29 N.E.3d 921, ¶ 23.  R.C. 4511.48 addresses the relationship between drivers and pedestrians in the right of way.  Irrespective of whether the state charged Kerns with a violation of R.C. 4511.48, this provision sets out the duties that drivers and pedestrians owe each other, which is important in a negligence case.  Thus, we reject Kerns' assertion that R.C. 4511.48 is inapplicable in this case merely because he was not charged with a violation of this statute.

2. Obligations of Drivers and Pedestrians

**{¶40}** R.C. 4511.48 sets duties of drivers and pedestrians.  It provides:

> (A) *Every pedestrian* crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection *shall yield the right of way to all vehicles*, trackless trolleys, or streetcars upon the roadway.

* * *

(E) This section does not relieve the operator of a vehicle, streetcar, or trackless trolley from exercising due care to avoid colliding with any pedestrian upon any roadway. (Emphasis added.)

However, in *Cordell v. White,* we found that

"R.C. 4511.48(A) and (E) have been reconciled into the rule that a driver *need not look for pedestrians* or vehicles *violating his right of way. See Deming v.* [*Osinski*], 24 Ohio St.2d 179, 180–81, 265 N.E.2d 554 (1970) (rejecting notion that drivers in the right of way must 'look, look effectively and continue to look and remain alert'). Rather, the operator of a motor vehicle must exercise due care to avoid colliding with a pedestrian in his right of way only upon discovering a dangerous or perilous situation. *Id.; Hawkins v. Shell,* 8th Dist. No. 72788, 1998 WL 289385 (June 4, 1998); *Markley v. Knutson,* 3d Dist. No. 9–96–29, 1996 WL 546875 (Sept. 26, 1996). Moreover, a driver has no duty to look for danger unless there is reason to expect it. *Hawkins, supra.* Therefore, despite a vehicle operator's duty to exercise due care to avoid colliding with a pedestrian, a driver need not keep a lookout for vehicles or pedestrians violating his right of way. *Lumaye v. Johnson,* 80 Ohio App.3d 141, 608 N.E.2d 1108 (10th Dist.1992)." [Brackets sic.] (Emphasis added.)

2018-Ohio-1909, 113 N.E. 2d 1 (4th Dist.), ¶ 12, quoting *Wallace v. Hipp,* 6th Dist. Lucas No. L-11-1052, 2012-Ohio-623, ¶13.

**{¶41}** Further, "pedestrians are 'prohibited by law from leaving the curb or place of safety and entering the right of way of a motor vehicle.' " *Id.* at ¶ 13, quoting *Joyce v. Rough*, 6th Dist. Lucas No. L-10-1368, 2011-Ohio-3713, ¶ 16, citing R.C. 4511.46(B). " 'A "limited access highway" or "freeway" is a highway especially designed for through traffic[.]' " *Tracey v. Preston*, 114 Ohio App. 206, 208, 181 N.E.2d 479 (3rd Dist.1960), quoting R.C. 5511.02 (D). Consequently, "[p]edestrians, except in emergency situations * * * are prohibited within the limits of a freeway (R.C. 4511.051)." *Pisel v. ITT Cont'l Baking Co.*, 61 Ohio St. 2d 142, 147, 399 N.E.2d 1243(1980).

Analysis

**{¶42}** Important in determining liability of drivers to pedestrians in the right of way is the location of the accident. Kerns maintains that both his deposition testimony and affidavit attached to his memorandum contra to Andrew and Holly's motion for summary judgment indicate that he was off the road at the time of the accident. However, the trial court found Kerns' testimony and his affidavit to be conflicting.

**{¶43}** "When determining the effect of a party's affidavit that appears to be inconsistent with the party's deposition and that is submitted either in support of or in opposition to a motion for summary judgment, a trial court must consider whether the affidavit contradicts or merely supplements the deposition." *Byrd*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, at paragraph one of the syllabus. "An affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat the motion for summary judgment." *Id*. at paragraph two of the syllabus. Whether by granting a motion to strike as the court did in *Ruple v. Midwest Equip. Co.*, 8th Dist. Cuyahoga No. 95726, 2011-Ohio-2923, ¶ 6, or by acting sua sponte as the court did in *McDowell v. Target Corp.*, 10th Dist. Franklin No. 4AP-408, 2004-Ohio-7196, ¶ 13, courts have discretion to reject an affidavit if the party fails to explain its contradiction with deposition testimony. A court abuses its discretion only if its decision is "unreasonable, arbitrary, or unconscionable." *State v. Kister*, 4th Dist. Athens Nos. 18CA10, 19CA11, 18CA12, 2019-Ohio-3583, ¶ 46.

**{¶44}** In his deposition, Kerns testified that when he departed Wheelersburg he was walking on the berm. However, later when asked "from memory, do you remember walking down 52 from Wheelersburg entrance onto 52[,]" Kerns answered: "No[.]" Moreover, he could not remember how he "ended up down the exit from 140." Kerns further testified "I have no memory of any of it." Kerns indicated that he could not recall his location in relation to the road surface *at the time of the accident.*

**{¶45}** Subsequently, when responding to Andrew and Holly's motion for summary judgment, Kerns attached an affidavit to his memorandum contra which in pertinent part averred:

> I have no recollection of what happened after the automobile struck me. However, I do have recollection of the time frame before being struck, and I was not in the middle of the roadway (U.S. Route 52) at any time. Based on my recollection of the events of that night prior to being struck by the automobile, I was walking near the berm outside of the roadway when struck by the automobile.

**{¶46}** Kerns' testimony conflicts with his affidavit regarding where he was in relation to the road *at the time of the accident* and he failed to explain the conflicting accounts. Therefore, under *Byrd*, we find Kerns' affidavit could not create a genuine issue of material fact regarding his location in relation to the roadway at the time of the accident.

**{¶47}** Thomas J. Coe, who was with Kerns on the evening in question, also made a statement to the trooper regarding *his* location in relation to the road at the time of the accident, but his statement is hearsay and therefore is

inadmissible for purposes of deciding the motion for summary judgment. *See State v. York*, 115 Ohio App. 3d 245, 685 N.E.2d 261 (4th Dist.1996).

**{¶48}** The accident report indicated that Kerns was in the road at the time of the accident. However, it is unclear from the report whether this information was the result of the trooper's observations at the scene or depended on Andrew's statement to reach that conclusion. A police report is excepted from hearsay under Evid.R. 803, but only regarding the "officer's *own observations* at an accident scene." (Emphasis sic.) *York* at 249, citing *Sanders v. Hairston*, 51 Ohio App.3d 63, 64, 554 N.E.2d 951 (8th Dist.1988). Therefore, we decline to consider the report in order to determine Kerns' location at the time of the accident.

**{¶49}** Thus, the only admissible evidence for the purpose of the summary judgment regarding Kerns' location at the time of the accident is from Andrew. He testified that Kerns was on the road at the time of the accident. Accordingly, we find that reasonable minds would agree that Kerns was on the road when he was struck by Andrew's vehicle.

**{¶50}** Having established that reasonable minds would agree that Kerns was on the road at the time of the accident, we now determine whether there is a genuine issue of material fact that Andrew, as a driver, violated any duty that he owed to Kerns, a pedestrian.

**{¶51}** We begin by recognizing that Andrew testified that he was driving under the posted speed limit of 60 miles per hour, and no evidence contradicts his testimony on that issue. There is also no evidence in the record that there

was a crosswalk at or near the accident scene that would have afforded a pedestrian like Kerns the right of way against vehicles.  Rather, Andrew, as a driver, had the right of way against any pedestrians in the road under R.C. 4511.48(A).

{¶52} Moreover, according to the accident report, the accident herein occurred on U.S. Route 52 at the exit ramp of SR 104 between New Richmond, Ohio and West Portsmouth, which is a limited access highway.[1]  Consequently, Kerns presence on U.S. 52 as a pedestrian was prohibited by law.  *Pisel*, 61 Ohio St. 2d at 147, 399 N.E.2d 1243 (1980).

{¶53} And, as we recognized in *Cordell*, Andrew had no duty to "exercise due care to avoid colliding with a pedestrian in his right of way" if, and until, he "discover[ed] a dangerous or perilous situation."  2018-Ohio-1909, 113 N.E.2d 1 at ¶ 12 (4th Dist.)  There is no evidence that Andrew was aware of any peril or danger that night, until, as he passed under the unlit overpass.  Andrew explained "I just see something in the road, so I jump on my brakes, reactionary. I was right on top of them when I see him.  It was wet and it was dark."  Andrew did not even know the "figures" were people until he saw the jersey number on one of their shirts as they were on the hood of his vehicle.

---

[1] *See* About: U.S. Route 52 in Ohio (dbpedia.org). states:

> U.S. Route 52 (US 52) runs east-west across the southern part of the state of Ohio along the Ohio River, passing through or very near the cities and towns of Cincinnati, Portsmouth, and Ironton. For its first 19 miles (31 km) or so, the highway runs concurrently with Interstate 74 (I-74) and I-75 before it winds through downtown Cincinnati for several miles. The route is primarily two lanes between New Richmond and West Portsmouth, Ohio, where it becomes a four-lane partial access highway until it exits the state near Chesapeake.

{¶54} Under these facts, we conclude that reasonable minds would find that Andrew did not violate any duty of care that he owed to Kerns. "Absent a breach of a duty the law imposes, liability does not exist[.]" *Weaver v. Booher Carpet & Rug*, 2d Dist. Montgomery No. 19982, 2004-Ohio-658, ¶ 18. Therefore, we overrule Kerns' second assignment of error.

ASSIGNMENT OF ERROR IV

{¶55} In his fourth assignment of error, Kerns asserts that the trial court erred in granting Andrew and Holly summary judgment regarding Kerns' claim for punitive damages.

Law

{¶56} The Supreme Court has repeatedly held that punitive damages can be recovered "only when: (1) the defendant acted with either malice or aggravated or egregious fraud *and* (2) the trier of fact awards the plaintiff compensatory damages." (Emphasis added.) *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶ 12, citing R.C. 2315.21(C)(1) and (2), *see also Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 447, 659 N.E.2d 1242 (1996); *Cabe v. Lunich*, 70 Ohio St.3d 598, 601, 640 N.E.2d 159 (1994); *Shimola v. Nationwide Ins. Co.*, 25 Ohio St.3d 84, 87, 495 N.E.2d 391 (1986); *Bishop v. Grdina*, 20 Ohio St.3d 26, 27, 485 N.E.2d 704 (1985); *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 82, 461 N.E.2d 1273 (1984); *Richard v. Hunter*, 151 Ohio St. 185, 85 N.E.2d 109 (1949), paragraph one of the syllabus.

Analysis

**{¶57}** Having overruled Kerns' first, second, and third assignments of error, Andrew is not liable to Kerns for any damages, including compensatory damages. Because recovery of compensatory damages is a prerequisite to recovering punitive damages, Kerns also cannot recover any punitive damages from Andrew.

**{¶58}** Accordingly, we overrule Kerns' fourth assignment or error.

ASSIGNMENT OF ERROR V

**{¶59}** In his fifth assignment of error, Kerns argues that a court may award attorney's fees as an element of compensatory damages where punitive damages are awarded, citing *Est. of Beavers v. Knapp*, 175 Ohio App. 3d 758, 2008-Ohio-2023, 889 N.E.2d 181, ¶ 71 (10th Dist.), citing *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 558, 644 N.E.2d 397 (1994), citing *Columbus Fin., Inc. v. Howard*, 42 Ohio St.2d 178, 183, 327 N.E.2d 654 (1975).

Law

**{¶60}** Ohio courts generally follow the "American rule" with respect to attorney fees: each party is responsible for its own attorney fees. *Phoenix Lighting Grp., L.L.C. v. Genlyte Thomas Grp., L.L.C.*, 160 Ohio St.3d 32, 2020-Ohio-1056, 153 N.E.3d 30, ¶ 9, citing *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. As Kerns recognizes, "[a]n exception to the American Rule allows an award of attorney fees to the prevailing party as an element of compensatory damages when the jury finds that punitive damages

are warranted." *Id.*, citing *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 558, 644 N.E.2d 397 (1994).

## Analysis

**{¶61}** As we found in addressing Kerns' fourth assignment of error, reasonable minds would not differ in finding that Kerns can recover no punitive damages against Andrew. Therefore, Kerns is unable to recover his attorney fees.

**{¶62}** Accordingly, we overrule his fifth assignment of error.

## ASSIGNMENT OF ERROR VI

**{¶63}** In his final assignment of error, Kerns alleges that Holly Hale is liable for negligently entrusting her vehicle to her son.

## Law

**{¶64}** "Under the negligent entrustment doctrine the owner of a vehicle can be held liable for injury to a third party for negligence if the owner knowingly entrusts the vehicle's operation to an incompetent or inexperienced driver *whose negligent operation results in the injury.*" (Emphasis added.) *Rommes v. Sw. Ohio Reg'l Transit Auth.*, 1st Dist. Hamilton No. C-940120, 1995 WL 132076, *7 (Mar. 29, 1995), citing *Gulla v. Straus*, 154 Ohio St. 193, 93 N.E.2d 662 (1950), paragraph three of the syllabus.

## Analysis

**{¶65}** As established above, we have affirmed summary judgment in favor of Andrew that his operation of the vehicle the night of the accident under R.C. 4511.48 was not negligent, while Kerns was negligent per se in violation of R.C.

4511.48 and R.C. 4511.46(B).  Because Andrew was not negligent in operating his mother's vehicle, she cannot be liable for entrusting her vehicle to Andrew.

**{¶66}** Therefore, we affirm the trial court's judgment in favor of Holly regarding Kerns' claim against her for negligent entrustment.

CONCLUSION

**{¶67}** Having overruled all six of Kerns' assignments of error, we affirmed the trial court's summary judgment.


**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
     Kristy S. Wilkin, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**